So our first case is Rivera v. New Castle County Police Department.  Good afternoon, Your Honors. Will Soxie, court-appointed pro bono counsel on behalf of the appellant, Mr. Rivera. I think I have the easy job right now because I'm joined at council table by my colleague and co-counsel, Ms. Sophie Davish, and also it's my pleasure to introduce to the court Mr. William Ryder, a very recent graduate of Penn Cary Law School. He has been admitted specially under 46.3. With your permission, I'd love to step away and cede the mic to him. You're welcome, Mr. Ryder. Wonderful. Mr. Ryder, don't be nervous because one of your professors is up here. All right. Congratulations on your graduation from law school. Thank you very much, Your Honor. Good afternoon, Your Honors, and may it please the court. My name is William Ryder, and I represent appellant Mike Rivera in this matter. May I please request two minutes for rebuttal?  Thank you. This court should reverse the district court's decision because it conflicts with binding Supreme Court precedent from Krupsky v. Costa-Crocieri. This is a reversible error of law. Rule 15C has three elements, the same conduct or transaction, notice, and that within the notice period, the defendant knew or should have known that but for a plaintiff's mistake, the plaintiff would have brought the action against the defendant. So how can we know? How do you satisfy that third element? That the defendant knew or should have known. In this case, defendant's counsel entered appearance on defendant's behalf within the notice period, and so we can impute notice on the defendants. Notwithstanding, there were no defendants at the time. Within the notice period after the district court concluded its 1915 screening, the New Castle County Police Department identified the no defendants, and Mr. Rivera amended his complaint. And so within that period, they had been named, and again, still within the notice period. So they had actual knowledge. That's right. If the alleged mistake is that Rivera did not know the defendants' names, then why can't the district court consider whether in fact he did know their names? The district court here, we're still at the motion to dismiss stage. And so at this point, the district court must take what's stated in the complaint as true and look at the reasonable inferences from it in favor of Mr. Rivera. Mr. Rivera's complaint said he did not know their names. He said he's working to find their names, and he named John Doe's. So the district court can look at what's in the complaint and say according to that, Mr. Rivera did not know their identities. So could the district court rely on the documents that the defendants attached suggesting that Rivera knew or should have known? So the district court could look at those documents. However, at best, those documents create a dispute of fact. After a motion to dismiss stage, it's not for the district court to assess those disputes of fact. Moreover, the documents, the judicial notice documents, do not answer the question that Rule 15c looks for, which is whether the defendants knew or should have known that Mr. Rivera made a mistake. And so here, the… That's multiple questions. At first, there has to be a mistake. If there's no mistake, I mean, if this were a sort of calculated maneuver, if there's a mistake and it doesn't matter whether the defendants knew or should have known. Of course. But, again, here Mr. Rivera said, I did not know their names. And, again, just – not again, I apologize. But simply knowing their identities is not enough under Krupsky. Krupsky looks to see whether it was a fully informed decision. And so here… That's the case there where the plaintiff knew the party's name but didn't know that they were the right party interest. Here, the only mistake alleged is he knows he's talking about certain people, the people at the scene, and he just doesn't know their name. So, really, the crux of the matter is, did he really not know their name or was this a calculated move, for instance, to get discovery? Because in his complaint, he states, I have a pending criminal action. I haven't received my discovery, so I don't know their names. Could be just a move to get that a little earlier than he would normally get it. Potentially, Your Honor. However, still at the motion to dismiss stage, we're not – it's not the court's job to be weighing the evidence either way. It's the court's job to look at what is in the complaint and take those inferences in favor of Ms. Rivera. And that's not what the district court did here. The district court weighed the evidence, credited the judicial notice documents, and held contrary to what Krupski says, that simply knowing the potential defendants, the new defendants' names, is enough to not have a mistake, which is the opposite of what Krupski says. So, could it be – could we read the district court as saying the plaintiff's knowledge is relevant as evidence of whether the defendant was on notice? Because defendant's knowledge of being on notice, you agree, is relevant here. So could we read that as what the district court did? Potentially. However, just the district court's – so say that's true. Say the district court took Ms. Rivera's knowledge and put it towards – assumed that the defendants knew about that. The district court still did not undertake the analysis then, the next step of the analysis, which is to see what the defendants knew or should have known about Ms. Rivera's decision. And so in that case, had the court done that, had the court looked at what the defendants knew or should have known, it would have seemed that the defendants had an attorney, entered an appearance on their behalf, and way of service. And so in that case – and then Mr. Rivera amended his complaint to name them. And so in that case, the defendants did know that they were the intended recipients – or intended targets of Mr. Rivera's action, and he wanted to name them the first time. So were the letters of exoneration judicially noticeable? Are those public records that judicial notice can be taken? We are not challenging the district court's decision to judicially notice those documents. Can the district court make factual determinations at the motion to dismiss? The district court cannot resolve disputes of fact. I think the district court can make factual determinations, and I think the cases here show the difference between those two things. So in the cases where the district court said nothing – like Nelson, for example – the district court said nothing in the complaint showed that the plaintiff did not know Nelson's identity, wanted to – nothing showed that the defendant wanted to name Nelson originally, and then only after the plaintiff found out that his real target he could not recover from, he decided to name Nelson. And so those – the district court is finding facts, but it's not resolving a dispute between the plaintiff saying in the complaint there's a new person who I want to name but I don't know them yet, versus where, as here, Ms. Rivera says there are unnamed defendants, I do not know their identity, and then the judicially noticed documents at best create a dispute, and that's not for the court to resolve at this stage. So from your perspective, the district court can't impute the knowledge to Rivera, notwithstanding these documents? Cannot impute the knowledge of the defendant's existence to Rivera. The identity, right? Yeah. At this point, the court should be looking at what's in the complaint and assuming that it's true and taking those inferences on behalf of Ms. Rivera. And the fact that the district court never assessed what the defendants knew or should have known shows the reasoning behind the rule and why it should be benefiting Ms. Rivera here and not benefiting the defendants. Rule 15, and Krupsky says this, serves to protect a defendant who legitimately believed the limitations period passed without an attempt to sue him. And that is not true here because the defendants knew that Ms. Rivera intended to sue them and they knew that when they had an attorney enter an appearance on their behalf. And so in contrast, it would be a windfall, actually, for these defendants who know that they only escaped suit because Ms. Rivera was unable to name them in his original complaint. At that point in the litigation, Mr. Rivera, did he have an attorney or not? Mr. Rivera did not have an attorney until this appeal. Does that matter in this case? In terms of looking at the complaint, I think it matters. He's a pro se litigant and I believe his complaint should be construed liberally in his favor. So yes, I do think it matters. Turning to mistake now, the second component. First, Krupsky makes clear that a plaintiff's knowledge of a defendant's existence does not foreclose the possibility of a mistake. But that's not the mistake he asserts here. He just says, I don't know their names. He says, I know they exist, I don't know their names. And that seems to be what the district court was considering, whether or not he knew their names. Again, is it a ploy? Maybe for early discovery? I don't know. Whatever the case may be, sometimes it's a strategic move. But the actual mistake here is simply not knowing the name. I think I'm using not knowing the name and not knowing the identity interchangeably. Not knowing the existence of. Clearly he knew the existence of. He clearly knew the existence that there were defendants who he had not named. However, he did not, according to his complaint, he did not know their true identity. And so in order to go to them, he only could name John Doe's. And the district court's analysis said that because he knew their names at some point, he could not make a mistake about their identity. At a later point. At a later point. So the error is inferring earlier knowledge to later knowledge. Yes. Knowledge of identity and imputing it to a later date and time. Yes. And inferring that just because, say Mr. Rivera did know their names. Again, that is not enough under the Krupski standard. It has to, the plaintiff's complaint, this is from Krupski, the plaintiff's complaint and conduct must compel the conclusion that the defendant made a fully informed decision. And so even say he, somewhere in his head, knew their names when he filed his complaint. The complaint, which said there are more people to identify, I'm waiting for discovery. And then his subsequent action, which was amending his complaint to name the defendants, shows that just, it was, this was not a fully informed decision to name the John Doe's. Instead it was because he did not know who they were. And again, this is an example of the district court ignoring the guidance from Krupski. And district court, in the first instance, did not look at what the defendants knew and should have known. In the second instance, did not take the step of analysis to look at whether Mr. Rivera was making a fully informed decision by naming the John Doe's in his complaint. And because the district court did not look to Rivera, that's a reversible error of law and this court should reverse. I have a few more seconds, Your Honors, but if there's nothing else, I'm happy to cede my time. Thank you very much. Thank you. Good afternoon, Mr. Griffith. Good afternoon, Your Honors. I am Dan Griffith from the law firm of Whiteford, Taylor & Preston. And with me today is Andrew Meck, also from my office. Thank you for your time today. And congratulations to Mr. Ryder as well. The district court did undertake the appropriate analysis under Krupski. Krupski teaches that the first inquiry should be— He didn't cite Krupski, did he? He didn't cite it. The district court did not cite Krupski, but the district court did undertake the analysis that Krupski— But Krupski said relation back depends on what the defendant, the party to be added, knew or should have known, not on the amending party's knowledge. And the district court focused on the plaintiff's knowledge, correct? The district court first focused on the defendant, whether the defendant had notice in time, and found that the defendants did have notice under the 4M time limit. So he did undertake the right analysis, focused on the defendants first, and then went to the mistake analysis, which is exactly what Krupski says to do. That the first thing you do, you don't start with the mistake analysis. You start with the defendant's knowledge. Okay, well, the defendant had the knowledge, and then the court— You know, so you've not—you haven't cross-appealed that. You basically conceded, okay, the finding of notice to the defendants. We don't dispute that finding. Okay. So the district court understood mistake to be a matter of the plaintiff's knowledge. If the plaintiff had knowledge, it couldn't be a mistake. I believe what the district court found was that there was indisputable evidence that—and that was the language that the district court used— indisputable evidence that the plaintiff was aware of two things. Not just the existence of these defendants, which is, I think, what the other side argues, but their role. And I think that's the critical difference. Yes, existence alone. Knowledge of the existence of these folks alone is not satisfy the mistake problem. But if the plaintiff is aware of their existence and the role they played, then it's not a mistake, if you feel that way. Except Krupski doesn't understand it that way. You know, a mistake—the district court seems to think that a subjective mistake on behalf of the plaintiff is dispositive. But that's not how Krupski treated it. No. The way Krupski distinguished the Nelson v. Adams case—and in the case, it's described as a case where the plaintiff purposely sued a company when he realized the company didn't have enough money to satisfy a judgment, sued the CEO of that company. And the way the Krupski court distinguished that case from the case before it was by saying that, hey, here in Krupski, we have a plaintiff who had knowledge of the existence of this defendant, but didn't really know what role that defendant played. In fact, it was pretty reasonable for the plaintiff to understand that it wasn't the proper defendant. Whereas in Nelson, Nelson v. Adams, the plaintiff did know not only the identity of the CEO, but also knew the CEO's role. And that's how Krupski distinguished Nelson v. Adams. And this is more of a Nelson v. Adams scenario. Except on the face of it, Krupski says its holding is that the knowledge that matters is the knowledge of the defendant, quote, not on the amending party's knowledge. And you're reading the amending party's knowledge, the plaintiff's knowledge, as dispositive here. I'm not saying the plaintiff's knowledge is dispositive. I'm saying if the plaintiff has knowledge of the individual's existence and the role they played and chooses not to sue them, that is a fully informed decision. For a pro se individual in custody, is a fully informed decision? I don't think there's any distinction. There's a case that's cited in the briefing called Fetterman v. Westmoreland, where it's a very similar fact pattern, where there were two social workers, kind of case workers, that went out to the plaintiff's home. The plaintiff sued the body, the public body, but not the two case workers. And the court found, and it was the Third Circuit that relied on the district court's finding, that the plaintiff was obviously aware of the identity of these two social workers. The plaintiff was obviously aware of the role they played. They came out to the plaintiff's house a couple times, but didn't sue them. But in the complaint, the plaintiff made allegations that clearly, just like in this case, clearly implicated the conduct of those social workers. So when you read the plaintiff's complaint in this case, he goes through all of what the officers did, without naming the officers. And in that case, the court did two things, and this court did two things. Number one, it relied upon the district court's record. And the record before the district court was that the plaintiff denied, plaintiff's counsel denied that they knew the individual's identities and the roles they played. But the court found that on the record, it was indisputable that they must have known the individual's names. They were out to the house. But it is in dispute. I'm sorry? But it is in dispute. He says specifically in his complaint that he doesn't know their names. I think a fair reading of the district court's opinion, Your Honor, is that the district court went through the type of Iqbal Twombly analysis on that particular allegation and said there is an overwhelming mountain of evidence, four different documents, which identified to the plaintiff, and a hearing that the plaintiff attended that showed who these individual officers are. But it made inferences from those documents, did it not? It named them. It named who was involved. It named what each officer did. And one of the documents— Did it not make inferences that notice of their identities two years before could be imputed as knowledge two years later? I mean, how does learning someone's name in January of 2019 mean that he did know their names in December of 2021 other than making an inference? Sure. I'm sorry to interrupt. I think the difference is that it wasn't a matter of the plaintiff being told two years beforehand, here's who the officers are and here's what they did. These are four separate documents and a hearing that plaintiff attended where one of the officers testified. Sure, but two years before. So how does that mean two years later that he knows their identity, that he knows their names? I don't know that it's provable, but conversely, Your Honor— That's an inference, is it not? It is, but if the converse were true— Is that inference at this stage? I think when the record is that clear, I think courts do that all the time, Your Honor. Except you're retconning a whole lot more analysis into an opinion that didn't mention Krupski and that treated a dictum from Garvin like it was a holding that's at odds with Arthur and with Krupski. Why should we strain to read it that way against a per se litigant? I'll concede, Your Honor, that the court certainly didn't consciously look at Krupski and follow the analysis of Krupski. It may not even have been aware of Krupski. And maybe it fell into the right analysis. But that doesn't mean the analysis wasn't the right analysis. It focused first on the defendant's knowledge and then focused on whether or not there was a mistake. And given the mountain of evidence here, the court concluded that there was no mistake here. Let's go back to Judge Chung's question. So isn't the court then engaged in fact-finding? If the plaintiff is saying, hey, I don't remember, I don't know what their names are, and the court says, well, here are these documents, I'm finding that you knew their names and you knew their identities, isn't that permissible fact-finding at that juncture? I don't think so, Your Honor. When the record is, you know, the district court characterized it again as indisputable. And I think because the plaintiff's burden is to at least have plausible factual allegations. Then we might have a dispute. The reason I brought up Iqbal and Twombly is these could not have been – for the plaintiff to say I'm unaware of these defendants' identity or the role they played when it's belied by such a significant record, it's not a matter of weighing evidence or making credibility determinations. It's a matter of looking at an undisputed record through judicial notice and concluding that, of course, of course the plaintiff knew. And that's the analysis that this court undertook in Fetterman. But, of course, even though plaintiff's counsel in that case – it would be very easy for a plaintiff to defeat any relation back analysis under Rule 15C if the plaintiff can just say, of course I had all of this information in my possession, but I forgot at the time I filed my complaint. Did he know that he had it in his possession two years after the fact? While incarcerated? I don't think there's proof that he was holding the documents. They were certainly in his constructive possession. We certainly know he was at the hearing when the officer told him or told the court exactly what happened and who was involved. So, you know, I don't know that it's fair to say that he certainly was in possession of the identity of these individuals and the role they played at some point before he filed his complaint. But so long as he says I forgot or I didn't remember or at the time I filed my complaint I didn't know, it beats the Rule 15C analysis. I don't think that's what Krupski meant. I don't think what its progeny meant. I think the court is entitled to look at – What would he have had to plead to show he didn't actually know their names in the complaint? I think by the time his complaint was filed, because he was aware and it was filed on the eve of the expiration of the statute of limitations, I think if he had that information in his possession and failed to name them within the statute of limitations – Well, you just said if he had it. I mean, understanding he did have it. Nothing he could have done. There's nothing he could have done after the statute of limitations. Because he had a prelim and he received the exoneration letters two years before, there's nothing he could have put in his complaint to plausibly allege a mistake as to not knowing their name. That's not exactly the record, Your Honor. He had exoneration. He also made complaints identifying the officers. Right, also two years before. Correct, Your Honor. The day after. So my question is, what could he have pled in his complaint that would meet your standard of mistake here? If he was aware of all that information and did not name the officers within the statute of limitations, there's nothing he could have done. And you're saying he did know that, so there's nothing he could have pled here that would suffice to be a mistake. I think that's correct, Your Honor. And that's not just I'm saying that. The district court found, indisputably, he knew who these people were and he knew the role they played, and he failed to name them within the statute of limitations. Under those circumstances, the amended complaint does not relate back. I'm just stuck on the same thing I think my colleague is stuck on, on this indisputably knew. So the district court is making a factual determination that he knew. I think that when… He knew then. He might have known when he was arrested and when he filed the complaint, but fast forward two years, he knew when he filed the complaint, the civil complaint. I think when the district court uses the term indisputable, what the court means is that there is overwhelming evidence on one side and no evidence on the other. And I think a… Well, the evidence is I don't know. I don't know their names. How do you prove a negative there? Exactly. It means any plaintiff could get past the Rule 15c analysis by saying that. Really, there has to be something more than a bare allegation that I forgot or I don't remember or I don't know. There has to be something to support that to create a factual issue. But this seems to be exactly the issue. If you read all these 15c opinions, they're all Judge Becker, and he always seems to be concerned with the fact that if you have a late-in-time pro se litigant, that if they don't have the opportunity to have discovery, then they'll never be able to file their complaint because very frequently they don't know the names. So how is this not squarely addressed by all of those precedents that he wrote on? Sure. In those circumstances, the information concerning the identity of those defendants hadn't been given to the plaintiff. Sure, but here, as soon as he received it, and I think the record is within 15 days, he moved to amend and the district court granted that. Well, I mean, he had their information before he filed the original complaint. I mean, in those cases that you referenced before Judge Becker, there is no evidence that the plaintiff, those pro se plaintiffs, had been handed multiple forms of information identifying those defendants. That's the difference. If he had not had those things, we wouldn't be here. We would have filed an answer. So if he didn't have the prelim and he didn't get the exoneration letters but he had just filed his, not the district court complaint here, but his very next day complaint, where would we be? I don't think we would have any evidence to challenge his assertion that he didn't know. Even though he would have filed his complaint to the police department? Well, if his complaint to the police department identified the officers and what their roles were, then I do think he was aware of their existence and their role. And I think that's the crux. If you're aware of the existence and the role, and Krupski said if you're aware, the existence alone isn't enough, if you're just aware of who it is, of the names. But like in Nelson v. Adams, if you're aware of both their existence and the role they played and you don't sue them within the statute of limitations, it does not relate back. I think that's the analysis. And if I may, one comment on the court asked us in advance of the argument to address whether or not the court can resolve factual issues under 12b-6 under the Rule 15c analysis. And it's a great question because our research is all over the place nationally, and Mr. Ryder did a spectacular job with his submission as well. So it's a tough question, I think, whether or not the court can resolve factual issues on a Rule 15c because obviously it's Hornbook law that you can't do it on a 12b-6 motion, and these are always brought on 12b-6 motions. So how does 12b-6 interact with Rule 15c when the district court is performing that analysis? And I think the answer is that the court cannot resolve disputed issues of fact, but the court can consider information outside the pleadings, which it ordinarily can't on 12b-6, and it does so all the time. In order to figure out whether the defendant had knowledge and whether the plaintiff made a mistake, it has to consider documents outside the pleadings. If those documents are an undisputed record, then the court can make the 12b-6 decision. I think my time is up. Thank you. Thank you very much, Your Honor.  Three brief items on rebuttal, Your Honors. First, there's always the possibility that a district court could order some brief discovery on the 15c issue if it didn't want to undergo the resolving a factual dispute but did want to, say, solve this question before moving forward into litigation. So I do think that's always a possibility. Second, the district court's opinion was not undergoing an Iqbal-Twombly analysis regarding Mr. Rivera's knowledge of the defendants. The district court's opinion says that plaintiff indisputably knew the identities of the defendants and, therefore, the amendment does not relate back. That is not an Iqbal-Twombly analysis. That is the district court weighing evidence coming to a decision. And even if the district court could properly weigh evidence in that manner, just knowing the identities is not what Krupski asked for. It's to see whether the defendants knew or should have known that the plaintiff made a mistake, and that mistake must be a fully thought-out decision, and that's not what it is. And third, regarding the Fetterman case, in that case, the plaintiff named the newly added defendants. He wrote their names in the complaint. It was not a case where the plaintiff just wrote their actions. The plaintiff wrote the actual names and actions of what the newly added defendants did and then tried to amend the complaint and use the lack of knowledge. And so that is not what's happened here. Of course, Mr. Rivera did not name. And my time is expiring, Your Honors. Thank you very much. I can briefly conclude, but. Okay, thanks. So just, again, on this point, Krupski says when the original complaint and the plaintiff's conduct compelled the conclusion that there was not a mistake, and that's exactly what happened in Fetterman. The court looked at the complaint and saw that the plaintiff had already written the defendants' names, and so that compels the conclusion that there was no mistake. Same in Arthur v. Maersk. The plaintiff sued a statutorily immune entity instead of the federal government, and the court said this could not be viewed as some sort of litigation strategy. This was clearly an error. And so, again, that's what happened here. It's not a situation where any plaintiff can write whatever they want in a complaint and just move it to the next stage. Thank you very much. Thank you, Mr. Ryder. We hope to see you again here soon. Thank you. And I believe it's the Deckert firm? Yes. Thank you, counsel, and thank you. Thank the firm for their pro bono efforts. It's greatly appreciated.